[Crim. No. 403. Fourth Appellate District.—September 15, 1936.]

THE PEOPLE, Respondent, v. J. SHERIDAN, Appellant.

Jay Sheridan, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

MARKS, J.—This is an appeal from an order of the Superior Court of San Diego County denying appellant's "motion to amend the judgment commitment rendered against him therein on the 28th day of December 1929". The defendant is not represented by counsel and is appearing *in propria persona*. For that reason we have given the matter closer attention than it would ordinarily deserve.

On November 23, 1929, the district attorney of San Diego County filed an information charging defendant with the crime of forgery, and with three prior convictions of felonies. He admitted the prior convictions and was convicted of the offense charged after a trial by jury during which he was represented by counsel. Judgment "that the said J. Sheridan be punished by imprisonment in the state prison of the State of California for the term prescribed by law" was pronounced upon him.

In March, 1936, defendant filed a written motion in the court below "for an order modifying and amending Criminal Judgment . . . rendered against him by the Board of Prison Terms and Paroles upon the 21st day of June, 1935 . . . " This motion was made upon the ground that he had received a full and unconditional pardon for one of the felonies upon which the charge of three prior convictions was based.

As to the questioned prior conviction the information contained the following:

"That the said J. Sheridan under the name of J. S. Dupont, was in the Court of Quarter Sessions of the Peace of the City and County of Philadelphia, State of Pennsylvania, previously convicted of the offense of felony, towit, Forgery; that the judgment upon said conviction was pronounced, rendered, given and made on the 21st day of February, 1922, and bears said last mentioned date, and has never since been reversed, annulled, nor set aside."

The pardon submitted by defendant in support of his motion shows that he was pardoned on conviction of, the "crime of refusing to pay lawful fare for hire of taxicab, robbery and false pretense". It is apparent that defendant was not pardoned after conviction of the crime set forth in the information, which conviction he admitted in the court below. The pardon for another and distinct crime can have no bearing on this case.

Defendant urges that the information did not allege imprisonments followed his prior convictions. The statute in effect at the time did not make such an allegation necessary. (Stats. 1927, p. 1066.)

We do not wish it understood from anything we have said that we are of the opinion that the trial court had any power to grant defendant's motion, or that the question attempted to be raised could be presented by the procedure adopted by him.

The order is affirmed.

Barnard, P. J., and Jennings, J., concurred.